UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION, SOUTHERN DIVISION

In re:                                                  )
    HOLMAN, JACOB A                     )
    HOLMAN, TASHA K                     )         Case No.   16-30520-BTF
                                                        )
    Debtors                             )

### CHAPTER 7 TRUSTEE MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M)

**COMES NOW** *NORMAN ROUSE*, duly appointed Chapter 7 Trustee for the above-referenced debtor, and hereby files this motion for entry of an order authorizing the Trustee to sell certain real property free and clear of all liens, encumbrances, and interests. In support thereof, the Trustee respectfully states as follows:

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (M), (N), and (O).

2. Venue is property before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested is 11 U.S.C.§§363(b),(f), and (m), and Federal Rules of Bankruptcy Procedure 2002 and 6004.

4. On 10/19/2016, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

5. Thereafter, the Norman Rouse was appointed as the Chapter 7 trustee in this case.

6. The Debtor owns real property, by virtue of a deed, located at East Dade 122, Everton, 65648 which is forty-eight (48) acres of land in Dade County (Form I Number: 1).

7. Property is to be sold to Laurie Mallory for $72,000.00 See attached "Exhibit A".

8. From the sale proceeds the Trustee will pay the following:

(A)     Reasonable Trustee fees as approved by the Court.

(B)     Terms of sale are all cash.

( C)    Realtor commission as approved by the court.

(D)     All outstanding real estate taxes including any prorated amount due for the current tax year.

(E)     All closing cost pursuant to the contract.

9. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

10. The Trustee requests that any creditor asserting an interest or secured claim against the Property—including but not limited to all creditors listed in the Debtor's Schedule D, E and F — after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim by filing and objections and requests for a hearing before the Bankruptcy Judge, if any, as to the above sale, shall be in writing and filed with the Clerk of

the Bankruptcy Court and served upon the United States Trustee and the Trustee of this notice not later than 21 days after service of this motion.  Any objections not timely filed and served may be deemed waived and the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as general unsecured claims.1  Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

11. Objections and requests for a hearing before the Bankruptcy Judge, if any, as to the above sale, shall be in writing and filed with the Clerk of the Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106, and served upon the United States Trustee and the Trustee of this notice not later than 21 days after service of this notice.  Any objections not timely filed and served may be deemed waived

12. Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the sale of the real property pursuant to Section 363 of the Bankruptcy Code.

---

1 The Trustee reserves the right to dispute the alleged amount of any such claims.

Dated: November 26, 2018

/s/ Norman Rouse
NORMAN ROUSE
Missouri Bar No. 27439
Collins Webster & Rouse P.C.
5957 East 20th
Joplin, MO 64801
twelch@cwrcave.com
(417) 782-2222
TRUSTEE

I certify that a true copy of
the foregoing was sent by
either electronic mail or
U.S. Mail, postage prepaid to:

Office of the U.S. Trustee
United States Courthouse
400 East 9th Street
Room 3440
Kansas City, Mo. 64106

James M. Poe, Law Office of James M. Poe, Ll
1903 E. Battlefield
SPRINGFIELD, MO 65804


All parties in the mailing matrix.

this November 26, 2018

/s/ Norman Rouse
NORMAN ROUSE